# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

BRIAN HUGHES
ADC #119986                                                                                            PLAINTIFF

V.                                       NO: 1:07CV00027 JLH/HDY

JAMES BANKS *et al.*                                                                              DEFENDANTS

## FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, on June 6, 2007.

### **I. Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). When making this determination, the Court must accept the factual allegations in the complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal

pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

According to Plaintiff's complaint, in September and October of 2006, he was required to get on his knees, face the wall, and place his hands behind his back or head to receive his meal trays, while he was incarcerated at the ADC's North Central Unit. This was apparently required by the staff at the prison as part of a "Staff Precaution" program. According to the complaint, Plaintiff had been written a disciplinary on September 29, 2006, for assault, and for failure to obey orders of staff. Plaintiff was placed on precaution at that time. On October 3, 2006, Plaintiff was found not guilty of the assault charge, and he was removed from the precaution program on October 27, 2006. When Plaintiff sought a copy of the policy from the prison's law library, he was told that the library did not have a copy of the policy, and could not confirm that such a written policy exists.

Plaintiff contends that his due process rights were violated when he remained on staff precaution status when he had been found not guilty of the assault, and because a staff precaution policy does not exist at the North Central Unit. Plaintiff also asserts that requiring him to get on his knees, face the wall, and place his hands behind his head in exchange for his meal trays, pursuant to a nonexistent policy, amounts to cruel and unusual punishment.

Plaintiff has not articulated any facts to indicate that a constitutional right has been violated. Even if there was not written policy on the staff precaution procedures Defendants employed, Plaintiff has not explained how the sanction he faced (staff precaution) implicates his due process

3

rights, regardless of whether or not he was found guilty of the offense that led to the precautionary procedures being employed. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (question is whether deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Additionally, the Court concludes that Defendants' requiring Plaintiff to face the wall, kneel, and place his hands behind his head to receive his meal trays, while he was on staff precaution for a *limited* period of time, simply does not amount to cruel and unusual punishment. *See Cowans v. Wyrick*, 862 F.2d 697, 699 (8th Cir. 1988) (action for cruel an unusual punishment not established without a showing of some measure of pain of some type).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint (docket entry #2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order dismissing this action is considered frivolous and not in good faith.

DATED this ___12___ day of June, 2007.

*/s/ H. David Young*
_____
UNITED STATES MAGISTRATE JUDGE